# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:22-cv-00344-RJC-SCR

| | |
|---|---|
| KYLE HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **STIPULATED CONSENT** |
| AYM TECHNOLOGIES, LLC d/b/a AYMIRA ) | **PROTECTIVE ORDER** |
| HEALTHCARE TECHNOLOGIES, ) | |
| ABOUND HEALTH, LLC and A SMALL ) | |
| MIRACLE, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Information, documents, and materials have been or will be sought by the parties Plaintiff Kyle Hood and Defendants Aym Technologies, LLC d/b/a Aymira Healthcare Technologies, Abound Health, LLC, and A Small Miracle, LLC (collectively, "Defendants"), which may contain protected, confidential, and proprietary information, including, but not limited to confidential commercial information, which would qualify for protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and the parties to the above-captioned case have sought an order to limit dissemination and disclosure of this information.

IT IS THEREFORE ORDERED:

1. The parties acknowledge and agree that this consent protective order (hereinafter, "Consent Protective Order") sets forth their obligations with respect to all documents, electronically stored information, testimony, or other material or information that is produced or generated in disclosures or responses to discovery in this matter, including material or information obtained from third parties in response to a subpoena ("Discovery Material").

2. All Discovery Material, and any documents or information derived therefrom, shall be used solely for the prosecution or defense (including any appeal therefrom) of this matter, and under no circumstances shall Discovery Material be used for any other purpose, including commercial, business, competitive, or other purposes; provided however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record without violation of this Consent Protective Order.

3. Discovery Material other than deposition testimony may be designated as confidential by placing a "CONFIDENTIAL" stamp and/or label on any document, by designating information as "CONFIDENTIAL" in writing, or by any other reasonable means agreed to by the parties. Material that is neither CONFIDENTIAL nor personal financial information shall not be designated as confidential.

4. Deposition testimony may be designated as confidential on the record at the deposition, or by designating specific portions of the transcript confidential within thirty (30) days after receipt of the final transcript by serving a written designation identifying as "CONFIDENTIAL" those portions of the transcript that the designating Party seeks to protect. During the 30-day period following receipt of the final transcript, the transcript shall be treated as if it were designated "CONFIDENTIAL" and shall not be disclosed to any person other than as provided in Paragraph 8 below, except that deponents may review their own transcripts. A copy of any written designation under this paragraph shall be provided by the designating party to the court reporter, who shall mark the designated portions of the transcript as "CONFIDENTIAL."

5. A party may designate as "CONFIDENTIAL" material that is: (a) a trade secret or other confidential research, development, or commercial information including but not limited to non-public business development, plans, forecasts or budgets, financial data, research,

technological development or other commercial information that the producing party believes is not generally known to its competitors and the release of which would cause it competitive harm; (b) personal information that could cause annoyance, embarrassment, oppression, or undue burden or expense, as those terms are used in Federal Rule of Civil Procedure 26(c); or (c) other non-public sensitive information that should be protected from public disclosure. The designation of Discovery Material as Confidential Information shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

6. Discovery Material designated as "CONFIDENTIAL" shall be referred to herein as "Confidential Information."

7. Any party serving a subpoena on a non-party shall enclose with the subpoena a copy of this Consent Protective Order. Any non-party to this action may designate Discovery Material as "CONFIDENTIAL" in the same manner, on the same terms, and with the same protections, as a party to this action, and the parties shall treat such information in accordance with this Consent Protective Order. Any party may designate Discovery Material produced by another party or by a non-party as "CONFIDENTIAL."

8. Unless otherwise ordered by the Court or permitted in writing by the designating party, Discovery Material designated as "CONFIDENTIAL" shall be disclosed only to and discussed only with:

    a. the Parties, including in-house counsel, officers, directors, and employees of a party or any affiliate thereof to whom disclosure is reasonably necessary in connection with this action;

  b.  outside legal counsel for a party, including associate attorneys, contract attorneys, paralegals, and other employees assisting such counsel to whom disclosure is reasonably necessary in connection with this action;

  c.  the Court and its personnel;

  d.  during their depositions and deposition preparation, non-party fact witnesses who were not the source of the confidential information, or did not create the document containing the confidential information, or were not copied on correspondence, including emails, transmitting the confidential information; provided, however, that counsel reasonably believes disclosure to the fact witness is reasonably necessary in connection with this action;

  e.  during their depositions and deposition preparation, non-party fact witnesses who were the source of the confidential information, or created the document containing the confidential information, or were copied on correspondence, including emails transmitting the confidential information; provided, however, that counsel reasonably believes disclosure is reasonably necessary in connection with this action;

  f.  independent experts or consultants who have been retained by a party or its attorneys for this litigation;

  g.  court reporters, video technicians, e-discovery vendors, and other litigation service providers performing services in this case to whom disclosure is reasonably necessary in connection with this action;

  h.  any mediator or arbitrator engaged by the parties; and

        i.      persons who have previously seen or received the document outside of this litigation, such as authors, recipients, and other people indicated as actual or intended recipients of the document, or in the case of meeting minutes, any attendee of the meeting.

9. Before any Discovery Material designated as "CONFIDENTIAL" is disclosed to any person identified in Paragraphs 8(d) or 8(f), that person must first receive a copy of this Consent Protective Order and agree to abide by its terms by signing a written statement of acknowledgement ("Acknowledgment") in the form attached as "Exhibit A" and providing it to counsel for the party disclosing the Discovery Material to the person; or, in the alternative, the person may agree to be bound by this Protective Order by so stating on the record at the deposition. Before disclosing the information to any person identified in Paragraph 8(e), Counsel agrees to ask if that person is willing to be bound by the Consent Protective Order by signing a written statement of acknowledgement ("Acknowledgment") in the form attached as "Exhibit A" and providing it to counsel for the party disclosing the Discovery Material to the person; or, in the alternative, the person may agree to be bound by this Protective Order by so stating on the record at the deposition. If a person identified in Paragraph 8(e) declines to be bound by the Consent Protective Order, then counsel may proceed to disclose the Discovery Material designated as "CONFIDENTIAL" to that person in accordance with the terms of Paragraph 8(e). Counsel for the disclosing party will maintain these Acknowledgments for one year following the conclusion of this case (whether by final judgment, appellate decision, or settlement).

10. Failure to designate Discovery Material as "CONFIDENTIAL" when it is initially produced shall not constitute a waiver of the right to later so designate it or the information therein.

11. In the event that two or more identical copies of a document have differing confidentiality designations, once such a discrepancy is discovered, all parties shall be notified in

writing by the party discovering the discrepancy and all copies of the document shall be treated with the greatest amount of protection so designated unless and until otherwise ordered or stipulated.

12. If Confidential Information is disclosed to any person other than in the manner authorized by this Consent Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party, and, without prejudice to any other rights and remedies of any party, make every effort to prevent further disclosure by any person and cooperate fully in enforcing the provisions of this Consent Protective Order.

13. Should any party receive from a non-party a request for Confidential Information, whether through formal compulsory process or otherwise, prior to responding thereto such party or counsel shall serve written notice to the designating party and its counsel sufficiently in advance of production, and in all cases no less than five (5) business days, to allow the designating party to move for an appropriate order.

14. All court filings that comprise or contain Confidential Information, including transcripts of depositions, exhibits, answers to interrogatories or requests for admissions, briefs and/or memoranda, shall be filed under seal with the U.S. District Court for the Western District of North Carolina in accordance with the procedures set forth in Local Civil Rule 6.1.

15. Any person or entity in possession of Confidential Information shall maintain such information in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Consent Protective Order. The protections conferred by this Consent Protective Order cover not only the protected information itself, but also

any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof.

16. A party that intends to present Confidential Information at a hearing or trial shall confer in advance with the designating party in good faith on procedures to protect the confidentiality of any such Confidential Information, and then if necessary, shall bring the issue to the Court's attention without publicly disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

17. In connection with this action, if a party or non-party inadvertently discloses information subject to a claim of attorney-client privilege or work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information or its related subject matter in this action or in any other court or legal proceeding. Upon notice from any party or non-party that information subject to a claim of attorney-client privilege or work product protection has been inadvertently disclosed, the receiving party shall return, destroy, sequester, or delete all copies of the inadvertently disclosed information, and shall refrain from any further use of the information until the Court rules on the privileged or protected status of the information.

18. Nothing contained in this Consent Protective Order shall be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents or other Discovery Material.

19. Nothing contained in this Consent Protective Order shall be construed to affect the relevance or admissibility of any document or other evidence.

20. This Consent Protective Order has no effect on, and shall not apply to, a party's use or disclosure of its own information for any purpose.

21. The restrictions of this Consent Protective Order shall not apply to any information, document or other matter that the receiving party shall establish was rightfully known to it prior to the time of disclosure by the producing party, or has been or becomes a matter of public knowledge through no act of the receiving party or of those to whom the receiving party has revealed such document or information pursuant to this Consent Protective Order.

22. The obligations created by this Consent Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Consent Protective Order and to make such amendments and modifications to this Consent Protective Order as may be appropriate.

23. Within thirty (30) days after this case and any appeals from this case end, the parties and their counsel shall destroy all Confidential Information produced by other parties and copies thereof, except that counsel for each party shall be entitled to retain for archival purposes all Discovery Material, including material containing Confidential Information, but such material shall be used only for the purpose of preserving a file for the case and shall not be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Consent Protective Order during the course of this case.

24. The designation by a party or by counsel of any document, material or information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any other party that the designated disclosure constitutes or contains any confidential information. Any party objecting to the designation of material as Confidential

Information must notify the designating party in writing of any objection to the designation and give the designating party 10 days to consider the request to re-designate the material. The parties must confer in good faith to attempt to resolve any conflict regarding confidentiality designations. If the objecting party and the designating cannot agree on the designation of the Discovery Material, the objecting party may seek appropriate relief from the Court pursuant to Local Civil Rule 7.1. Until such time as the Court decides that any Discovery Material designated as "CONFIDENTIAL" does not meet the definition of Confidential Information under this Order, the Discovery Material shall be treated as "CONFIDENTIAL." The burden of showing that the designation was proper remains on the designating party for the purposes of such motion.

25. The entry of this Consent Protective Order shall not preclude a party from seeking any further protective order or other relief from the Court.

26. This Consent Protective Order may be modified or terminated only by unanimous written stipulation among all parties to this action or by order of the Court.

**SO ORDERED**.  Signed: April 14, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

**THE PARTIES HEREBY CONSENTED TO THE FOREGOING ORDER:**

This the 13th day of April, 2023.

*/s/ Geraldine Sumter*
Geraldine Sumter (N.C. Bar No. 11107)
FERGUSON CHAMBERS & SUMTER, P.A.
309 East Morehead Street—Suite 110
Charlotte, NC 28202
(704) 375-8461
GSumter@fergusonsumter.com

*Counsel for Plaintiff Kyle Hood*


*/s/ Aretina K. Samuel-Priestley*
Aretina K. Samuel-Priestley (N.C. Bar No. 53593)
O'HAGAN MEYER PLLC
1355 Greenwood Cliff Road – Suite 100
Charlotte, NC 28204
(704) 582-7900
tsamuel-priestley@ohaganmeyer.com

*Counsel for Defendants*
*Aym Technologies, LLC d/b/a Aymira Healthcare Technologies, Abound Health, LLC, and A Small Miracle, LLC*

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:22-cv-00344-RJC-SCR**

| | |
|---|---|
| KYLE HOOD,  )<br> )<br>          Plaintiff,  )<br> )<br>v.  )<br> )<br>AYM TECHNOLOGIES, LLC d/b/a AYMIRA  )<br>HEALTHCARE TECHNOLOGIES,  )<br>ABOUND HEALTH, LLC and A SMALL  )<br>MIRACLE, LLC,  )<br> )<br>          Defendants.  )<br> ) | **CONFIDENTIALITY ACKNOWLEDGEMENT** |

      1.      I have been requested by counsel for one of the parties in the above-referenced case to participate and/or assist in such case.

      2.      I have read the Consent Protective Order governing the production and exchange of documents in this case and agree to be bound by its terms as if a signatory thereto. In addition, I hereby agree to be subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to any motions, complaints or hearings regarding the issue of whether the undersigned has abided by the Consent Protective Order. Confidential Information provided to the undersigned pursuant to the Consent Protective Order shall be used solely for purposes of the above-captioned litigation.

_____         _____
Date         Signature

       _____
       Printed Name